# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1758
Lower Tribunal No. 13-3968 CC
_____

**State Farm Mutual Automobile
Insurance Company,**
Appellant,

vs.

**Central Therapy Center, Inc.,
a/a/o Antonio Garcia,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

Hunker Appeals, and V. Ashley Paxton, and Thomas L. Hunker (Ft. Lauderdale), for appellant.

Virginia Best, P.A., and Virginia M. Best (Ocala), for appellee.


Before LOGUE, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Appellant State Farm Mutual Automobile Insurance Company appeals from a final judgment rendered in a personal injury protection ("PIP") action in favor of Central Therapy Center, Inc. On appeal, State Farm challenges the trial court's denial of its motion to amend its answer, which was filed seven years after the commencement of this action and purported to add nine new affirmative defenses. On the specific facts before us, we cannot conclude that the trial court abused its discretion, and we affirm the trial court's decision.

In June 2013, Central Therapy filed suit against State Farm, alleging breach of contract for failure to pay PIP benefits incurred for treatment of State Farm's insured, Antonio Garcia. In August of 2013, Central Therapy sought and received leave to file an Amended Complaint, and State Farm filed its Answer to the Amended Complaint. The case proceeded until September 2016, when Central Therapy moved for summary judgment, arguing that its bills and treatments were reasonable, related, and medically necessary. Almost three years after this filing, in June of 2019, the trial court issued a Notice of Lack of Prosecution requiring the parties to appear for a hearing in August. Central Therapy filed a notice for trial, so the trial court

entered an order finding good cause not to dismiss the case for lack of prosecution. Then, in February 2020, the court scheduled trial.[1]

It was not until July 2020, seven years after its first answer was filed, that State Farm moved to file an amended answer. This amended answer would add nine new affirmative defenses, going to an argument that Central Therapy had submitted false and misleading statements related to the disputed claims. The trial court denied the motion and entered the final judgment that is the subject of this appeal. In its Order on Defendant's Motion for Leave to Amend, the trial court expressly concluded that:

> The case was filed in 2013 and the parties have been litigating the case and conducting discovery for over 7 years. In July of 2019 the case was set to be dismissed for lack of prosecution and good cause was found . . . this Court set the matter for Jury Trial for May of 2020[;] the Court entered its Jury Trial Order imposing various deadlines, setting a Calendar Call, and a trial period to commence[.] The case was selected for trial because it significantly exceeded the Florida Rules of Judicial Administration Time Standards, and then unfortunately, the Court continued the case due to the Covid19 pandemic. Now in September of 2020 after 7 years, the Defendant is asking for leave to Amend to include about 9 new issues in the case. This Court finds the amendment would be prejudicial to the Plaintiff after 7 years of litigating and conducting discovery and that fact that the matter was previously set for trial.

---

[1] The trial was originally set for May, was reset by the court for August, and was ultimately taken off the court docket due to the COVID-19 pandemic.

On the specific facts before us, we cannot find that the trial court abused its discretion. See Randle v. Randle, 274 So. 2d 557 (Fla. 3d DCA 1973) (concluding that the trial court did not abuse its discretion in denying appellants' motion to amend their answer and add a counterclaim, which was filed two and one-half years after their original answer and just prior to a hearing on a motion for summary judgment); Vella v. Salaues, 290 So. 3d 946, 949 (Fla. 3d DCA 2019) (holding that the trial court did not abuse its discretion in denying a motion for leave to amend the complaint where "following two years of contentious litigation, on the proverbial 'eve' of the summary judgment hearing, immediately preceding the scheduled trial date, [plaintiff] sought to inject an entirely novel theory of prosecution into his lawsuit"); Efremov v. Motorsport Network, LLC, 357 So. 3d 231, 232 (Fla. 3d DCA 2023) (concluding that the trial court did not abuse its discretion in denying a motion to amend the complaint where, in the last weeks before the summary judgment hearing, Appellant sought to add multiple counts maintaining that the contract provisions he had relied upon in the litigation up to that point in time did not reflect the parties' intent and must be reformed on account of mutual or unilateral mistake); Bronstein v. Allstate Ins. Co., 315 So. 3d 44, 45 (Fla. 3d DCA 2021) (holding that the trial court did not abuse its discretion in denying a motion to amend the complaint to allege an

4

alternative theory of recovery, when the case had already been set for trial, a motion for summary judgment was pending, and the case was only eight days from calendar call); cf. Geico Gen. Ins. Co. v. Hialeah Diagnostics, Inc., 326 So. 3d 800, 801 (Fla. 3d DCA 2021) (concluding that the trial court abused its discretion in denying Geico's motion for leave to amend its answer after five years to add one affirmative defense, defective pre-suit demand); GEICO Indem. Co. v. Simply Health Care, Inc., 48 Fla. L. Weekly D725 (Fla. 3d DCA Apr. 12, 2023) (holding that the trial court abused its discretion in denying Geico's motion for leave to amend its answer to add one affirmative defense, res judicata or collateral estoppel); GEICO Gen. Ins. Co. v. A & C Med. Ctr., Inc., 357 So. 3d 233, 234 (Fla. 3d DCA 2023) (holding that the trial court abused its discretion in denying Geico's motion for leave to amend its answer before the case was set for trial to add one affirmative defense, res judicata or collateral estoppel); Progressive Select Ins. Co. v. Imaging Ctr. of W. Palm Beach, LLC, 356 So. 3d 842, 844 (Fla. 3d DCA 2023) (concluding that trial court abused its discretion in denying Progressive's motion for leave to amend its answer before the case was set for trial, three years after filing, and to add two affirmative defenses, where the denial was based solely on "bare timing" and not weighed in terms of prejudice, and the

5

trial court did not consider that the other party's change in position was what necessitated the amendment).

On the specific facts before us, we cannot find that the trial court abused its discretion. We therefore affirm the trial court's denial of State Farm's motion to amend.

Affirmed.